**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Weatherholtz, Appellant,

v.

South Carolina Department of Health and Environmental Control, Respondent.

Appellate Case No. 2014-001939

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2016-UP-180
Heard February 10, 2016 – Filed April 20, 2016

**REMANDED**

James Earnest Weatherholtz, of Womble Carlyle Sandridge & Rice, LLP, of Charleston, pro se.

Bradley David Churdar, of the South Carolina Department of Health and Environmental Control, of Charleston, for Respondent.

**PER CURIAM:** Appellant James Weatherholtz appeals the administrative law court's (ALC's) order affirming the Department of Health and Environmental

Control's (DHEC) denial of Appellant's dock permit application, arguing (1) the ALC's holding that the creek is not ten feet wide is the product of legal errors and unsupported factual findings, and (2) the ALC committed legal error in holding an existing dock outside his lot's extended property lines and the possibility another dock could be built outside those lines made him ineligible for a dock permit. We remand the case for further proceedings.

On August 7, 2013, DHEC denied Appellant's permit application to build a dock on his property, located on Kushiwah Creek in Charleston. The permit was denied based on S.C. Code Ann. Reg. 30-12(A)(2)(c)(i) (2011) (subsection (i)) and S.C. Code Ann. Reg. 30-12(A)(2)(c)(ii) (2011) (subsection (ii)). Subsection (i) provides "Docks will not be permitted on creeks less than 10 feet wide as measured from marsh vegetation on each side." The relevant portion of subsection (ii) provides,

> Docks will not be permitted on creeks less than 20 feet wide as measured from marsh vegetation on each side unless one of the following two special geographic circumstances exists: a lot has greater than 500 feet of water frontage or no potential access via dockage from the opposite side of the creek.

On August 20, 2013, Appellant filed a request for final review. DHEC filed its response on September 5, 2013. On September 16, 2013, DHEC's board declined to conduct a final review conference, causing DHEC's staff decision to become final. Appellant then requested review before the ALC, and the ALC heard the case on March 5, 2014.

At the ALC hearing, Appellant presented testimony from a land surveyor whose field crew measured the creek at approximately twenty locations. Additionally, Appellant testified about his own personal measurements of the creek's width. DHEC's project manager testified that he and another staff member went to the creek by boat in July 2013 and took approximately four measurements along the creek using a survey rod. The project manager also returned to the creek on a later occasion and took additional measurements in Appellant's presence. However, the project manager declined to measure at least one location requested by Appellant.

The ALC issued its final order on June 17, 2014, but Appellant filed a motion for reconsideration challenging several of the ALC's factual and legal findings. Subsequently, the ALC issued an amended final order on August 12, 2014,

upholding DHEC's permit denial under both subsection (i) and subsection (ii). The amended final order contains a factual finding that DHEC staff "measured the creek width at four different locations within [Appellant's] extended property lines." However, the order contains no findings addressing whether DHEC staff took measurements at the exact location where Appellant wishes to place his proposed dock.

During oral argument, the parties disagreed whether testimony and exhibits in the record established that DHEC took measurements at the exact location of Appellant's proposed dock.

We cannot determine whether the ALC erred in affirming the denial of Appellant's dock permit pursuant to subsection (i) without a specific finding on this point. Accordingly, we remand this case to the ALC for a specific factual finding as to whether DHEC staff measured the creek's width at the exact location of the proposed dock and not simply within the Appellant's property lines. The ALC should then apply that finding to subsection (i). *See Sierra Club v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 424, 431, 693 S.E.2d 13, 16 (Ct. App. 2010) ("Under section 1-23-610(B) [of the South Carolina Code], our court may affirm or remand [an ALC] case for further proceedings.").

**REMANDED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**